IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL T. WASHINGTON, | : |
| Petitioner, | : |
| v. | : Civil Action No. 17-601-CFC |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

### MEMORANDUM OPINION

Michael T. Washington. *Pro Se* Petitioner.

August 24, 2023
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner Michael T. Washington's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion"), asking the Court to reconsider its denial of Claim Twenty-One and amend its judgment. (D.I. 85) Petitioner has also filed two Motions to Appoint Counsel/Conduct an Evidentiary Hearing. (D.I. 84; D.I. 91) For the reasons discussed, the Court will deny all three Motions.

## I.  BACKGROUND

The Court set forth the factual and procedural history of this case in its Memorandum Opinion (D.I. 82 at 2-10) and will not repeat it here in full. Nevertheless, the Court will provide a summary where relevant to the instant Rule 59(e) Motion.

The underlying Petition asserted twenty-three Claims. Since Petitioner's Rule 59(e) Motion focuses on the Court's disposition of Claim Twenty-One, the Court will limit its discussion to that Claim.

Claim Twenty-One asserted the following three subparts: (a) the State committed a *Brady*[1] violation because State witness Isaiah Fields was the beneficiary of an undisclosed tacit sentence reduction agreement, the nondisclosure of which Petitioner claims violated his Sixth and Fourteenth Amendment rights (D.I. 69 at 13-16); (b) defense counsel was ineffective "for failing to protect and/or raise" the alleged *Brady* violation on direct appeal (D.I. 69 at 13-16; D.I. 72 at 2-5); and (c) post-conviction counsel was ineffective for failing to raise the *Brady* violation in Petitioner's first Rule 61

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

motion (D.I. 69 at 13-16; D.I. 72 at 2-5). The Court denied Claim Twenty-One (a) and (b) as procedurally barred, and Claim Twenty-One (c) for failing to present an issue cognizable on federal habeas review. (D.I. 82 at 29-33, 44, 46-47, 53-56, 58, 61-66, 68)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) is "a device [] used to allege legal error,"[2] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. See *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited. See *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. Dec. 22, 2011); see also *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Although the Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice' in the context of a motion for reconsideration," at a minimum, a manifest error or injustice is a "direct, obvious, or observable error [...] that is of at least some importance to the larger proceedings." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir 2018). More specifically, when determining whether a decision resulted in a manifest injustice, a court must focus "on the gravity and overtness of the error." *Id.* at 312. Finally, a

---

[2] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

2

"motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made." *United States v. Kennedy*, 2008 WL 4415654, at *1 (W.D. Pa. Sept. 26, 2008).

## III. DISCUSSION

In its Memorandum Opinion, the Court summarized Petitioner's assertions in Claim Twenty-One (a) and (b) as follows: (a) the State committed a *Brady* violation because State witness Isaiah Fields was the beneficiary of an undisclosed tacit sentence reduction agreement, the nondisclosure of which Petitioner claims violated his Sixth and Fourteenth Amendment rights (D.I. 69 at 13-16); and (b) defense counsel was ineffective "for failing to protect and/or raise" the alleged *Brady* violation on direct appeal (D.I. 69 at 13-16; D.I. 72 at 2-5). (D.I. 82 at 17) After determining that the ineffective assistance of appellate counsel argument in Claim Twenty-One (b) was procedurally defaulted due to post-conviction counsel's failure to include the argument in Petitioner's Rule 61 motion, the Court concluded that *Martinez v. Ryan*'s[3] limited exception to the procedural default doctrine could not be utilized to excuse Petitioner's default because the underlying ineffectiveness argument concerned appellate counsel's actions and not trial counsel's actions. (D.I. 82 at 29-33, 44) The Court also concluded that Petitioner's *Brady* argument in Claim Twenty-One (a) was procedurally defaulted, and determined that appellate counsel's ineffectiveness—Claim Twenty-One (b)—could not constitute

---

[3]In *Martinez*, the Supreme Court held that inadequate assistance of counsel during an initial-review state collateral proceeding may (under certain circumstances) establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. See *Martinez v. Ryan*, 566 U.S. at 12, 16-17 (2012).

3

cause for the default because the ineffective assistance of appellate counsel argument was itself procedurally defaulted. (D.I. 82 at 65)

Petitioner's timely filed Rule 59(e) Motion contends that the Court incorrectly characterized his argument in Claim Twenty-One (b) as asserting that appellate counsel provided ineffective assistance by failing to present the *Brady* claim on direct appeal. Instead, he contends that Claim Twenty-One (b) asserted that trial counsel provided ineffective assistance by failing to raise or protect the *Brady* violation, stating:

> Petitioner argued in fact [that] Trial Attorney and 1st Post Conviction Counsel [provided] ineffective assistance of counsel for failing to present the "Brady" violation on Direct Review and/or 1st Post Conviction and under the "Martinez" standard Petitioner should overcome the procedural bar and this Court should review the (Brady violation Claim 21) to avoid a miscarriage of justice. Moreso, Petitioner argued in his (Claim 21) that Trial Counsel and 1st Post Conviction Counsel both filed Rule 26(c) motions to withdraw and failed to raise the Brady/Due Process violation on direct review and/or 1st Post Conviction Motion, and under the "Martinez Standard" Petitioner showed cause to overcome the procedural default.

(D.I. 85 at 2-3)

Petitioner's instant argument fails to demonstrate that the Court incorrectly construed Claim Twenty-One (b) as alleging an ineffective assistance of *appellate* counsel argument rather than an ineffective assistance of *trial* counsel argument. The attorneys who represented Petitioner during his trial were the same attorneys who filed a Rule 26(c) motion to withdraw on the ground that there were no meritorious issues to raise on appeal. By complaining about trial counsel's filing of a Rule 26(c) motion to withdraw and trial counsel's failure to raise the "Brady/Due Process violation on direct

4

review" Petitioner is arguing that the attorneys who represented him on direct appeal—in other words, *appellate* counsel—provided ineffective assistance. Therefore, the Court is not persuaded that Petitioner's instant assertion warrants reconsideration of the Court's denial of Claim Twenty-One (b).

Nevertheless, even if the Court had viewed Claim Twenty-One (b) as asserting that trial counsel provided ineffective assistance by failing to raise or protect a *Brady* violation during Petitioner's trial, the Court still would have concluded that the underlying ineffective assistance of trial counsel argument ("IATC") in Claim Twenty-One (b) cannot constitute cause for Petitioner's default of the *Brady* argument in Claim Twenty-One (a) because the IATC argument does not satisfy *Martinez*'s substantiality standard.

Petitioner contends trial counsel was ineffective for failing to raise or protect the argument that the State committed a *Brady* violation by not disclosing at trial that its witness Isaiah Fields was the beneficiary of a tacit sentence reduction agreement. The Court discussed Petitioner's argument concerning the alleged *Brady* violation/tacit agreement at length on two occasions in its Opinion: (1) when considering whether Petitioner's default of Claim Twenty-One (b) should be excused to prevent a miscarriage of justice (D.I. 82 at 46-47, 53-56); and (2) when considering whether Petitioner had presented cause and prejudice to excuse his default of the substantive *Brady* argument in Claim Twenty-One (a) under the standard set forth in *Strickler v. Greene*, 527 U.S. 263 (1999) (D.I. 82 at 61-66). The following excerpts concerning the Court's discussion of both issues demonstrate why Petitioner's instant IATC claim is not substantial under *Martinez*.

5

When addressing whether Petitioner's contention of a "tacit agreement" triggered the miscarriage of justice exception to the procedural default doctrine, the Court opined:

> Fields testified that, while he and Petitioner were in the same prison, Petitioner told Fields that he unintentionally killed Francis and Guy with a MAC-10 in a robbery or drug deal that went wrong and that "[s]ome lady named April" witnessed the shooting. (D.I. 47-3 at 85-89) Fields also testified that he saw Petitioner accidentally fire a MAC-10 at 930 Spruce Street a few months before Francis and Guy were killed. (D.I. 47-3 at 86-88) At the time of his testimony, Fields was incarcerated and serving a five-year sentence for a first degree assault conviction.
>
> Approximately two months after Petitioner's trial and about a month before Petitioner was sentenced, the State filed a motion to reduce Fields's sentence premised on Fields's substantial assistance with the State in Washington's case. (D.I. 76-8 at 417-420) The State asserted that Fields's assistance was worth one year credit on his five year sentence for Assault. (D.I. 76-8 at 419) On January 18, 2011, the court granted the motion and Fields's sentence was reduced from five years to four years. (D.I. 76-8 at 421-423)
>
> As he did in his second Rule 61 motion, Petitioner now argues that the substantial assistance motion filed by the State after Petitioner's trial, along with Fields' reduced sentence, demonstrates that the State had a tacit agreement with Fields to provide him with a benefit (reduced sentence) in exchange for his testimony. (D.I. 69 at 8-23) Petitioner contends that the State violated *Brady* by not disclosing the agreement to him prior to trial, and that the evidence of the tacit agreement constitutes new evidence of his actual innocence, because he could have used the alleged deal between Fields and the State to impeach Fields' testimony at trial.
>
> Petitioner's proffered evidence of a "tacit agreement" between the State and Fields does not constitute new reliable evidence of Petitioner's factual innocence. First, the evidence is not "new" because the instant argument was available to Petitioner at the time of his direct appeal and his first Rule 61 motion, given that the substantial assistance motion was filed prior to Petitioner's direct appeal. Second, Petitioner does not

6

provide, and nothing in the record indicates, that there was a substantial assistance agreement between Fields and the State at the time of his testimony. When he testified, Fields explained that he was incarcerated and serving a five-year sentence, and he testified that no agreement had been worked out in exchange for his testimony. (D.I 47-3 at 85, 88) He also responded "[y]es," when asked whether he "want[ed] to be here today" to testify. (D.I. 47-3 at 88) On cross-examination, Fields explained that he was testifying to "help solve" the homicide and stated that he "ain't getting nothing out of it" and that he was not protecting anyone else. (D.I. 47-3 at 90) He asserted that he came forward to investigators because he "wanted to help the situation." (D.I. 47-3 at 91) Defense counsel attacked Fields's credibility on cross-examination and in closing. (D.I. 47-3 at 88-91, 292-302)

Third, prior to Fields' testimony, during discussions with the Superior Court about the relevancy of the defense's line of questioning for another witness, the State made the statement:

> Has Isaiah Field[s] asked for a break? No, he wasn't smart enough to do that beforehand. He pled to a five-year min/man, and there's not a whole lot I can do about that and I told him that.

(D.I. 47-3 at 45) During closing arguments, the State also asserted, "Isaiah Fields, he didn't ask for a deal. He's serving 5 years for an Assault Second. Told you, 'I didn't get a deal.'" (D.I. 47-3 at 305) In fact, Fields' former counsel provided a statement that he had "no recollection of any involvement in any substantial assistance motion for [Fields] or any request for same." (D.I. 76-8 at 428) In sum, viewing the foregoing circumstances together demonstrates that Petitioner has failed to demonstrate the existence of a substantial assistance agreement.

(D.I. 82 at 53-55)

7

When addressing whether Petitioner established cause and prejudice under *Strickler* to excuse his default of the *Brady* argument in Claim Twenty-One (a), the Court opined:

> In the context of procedural default, "cause and prejudice parallel two of the three components of the alleged *Brady* violation itself." *Strickler*, 527 U.S. at 282. The suppression by the prosecution of evidence favorable to the accused provides cause to excuse the petitioner's procedural default, but unless the evidence is "material" under *Brady*, the petitioner is unable to demonstrate "sufficient prejudice to overcome the procedural default." *Id.* Therefore, if Petitioner establishes that the State suppressed evidence and that the evidence was material, he will also establish cause and prejudice to excuse his procedural default of Claim Twenty-One (a).
>
> As the Court has previously discussed at length with respect to Petitioner's actual innocence argument, Petitioner has not established that the State suppressed evidence of a tacit agreement with Fields, primarily because there is no evidence that such an agreement existed. *See supra* Section III.B.4; *see also Washington*, 2021 WL 5232259, at *7, *aff'd*, 2022 WL 1041267, at *1.
>
> \*   \*   \*
>
> In sum, Petitioner has failed to establish cause for his procedural default because he can show neither that the State suppressed evidence, nor that the evidence was material.

(D.I. 82 at 64-65)

It is well settled that trial counsel does not provide ineffective assistance by failing to raise meritless objections and/or arguments. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). As the Court determined in its Memorandum Opinion, there is no evidence that a sentence reduction agreement existed between the State and Fields, tacit or otherwise, at the time of trial. Consequently, there was no basis for

8

trial counsel to protect or raise the issue of *Brady* violation premised on a nonexistent sentence reduction agreement. Therefore, Petitioner's instant IATC argument does not satisfy *Martinez*'s substantiality standard.

In sum, even if Claim Twenty-One (b) alleges that trial counsel—and not appellate counsel—provided ineffective assistance by failing to present or protect the *Brady* argument in Claim Twenty-One (b), *Martinez* cannot be applied to excuse post-conviction counsel's failure to present Claim Twenty-One (b) in Petitioner's Rule 61 proceeding because the underlying IATC argument is not substantial. Given this determination, Claim Twenty-One (b) is procedurally barred, which means that trial counsel's alleged failure to present or protect the *Brady* argument cannot excuse Petitioner's default of the *Brady* argument in Claim Twenty-One (a). Accordingly, Petitioner's Rule 59(e) motion does not warrant reconsideration the Court's denial of Claim Twenty-One (a) or (b).

## IV.   PENDING MOTIONS

Petitioner has also filed two letter Motions to Appoint Counsel/Conduct an Evidentiary Hearing. (D.I. 84; D.I. 91) Having concluded that the instant Rule 59(e) Motion does not warrant reconsideration of the Court's denial of Claim Twenty-One (a) and (b), the Court will deny the instant Motions as moot.

## V.   CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion (D.I. 85) and dismiss as moot Petitioner's Motions to Appoint Counsel/Conduct an Evidentiary Hearing.  (D.I. 84; D.I. 91) The Court also declines to issue a certificate

9

of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

The Court will issue an Order consistent with this Memorandum.