IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL T. WASHINGTON,       :
                                :
           Petitioner,    :
                                :
     v.                    :     Civil Action No. 17-601-CFC
                                :
BRIAN EMIG, Warden, and     :
ATTORNEY GENERAL OF THE   :
STATE OF DELAWARE,       :
                                :
          Respondents.  :

## MEMORANDUM

## I.   INTRODUCTION

The Court denied Petitioner's amended § 2254 Petition containing twenty-three

Claims on September 30, 2022, after determining that the claims were procedurally

defaulted, non-cognizable, or without merit.  (D.I. 82; D.I. 83)  In August 2024, Petitioner

filed a Rule 60(b) Motion for Final Judgment.  (D.I. 103)  He also filed several additional

related motions:  (1) Motion to Stay the Proceedings (D.I. 101); (2) Motion to

Supplement the Rule 60(b) Motion (D.I. 104); (3) combined Motion to Stay Rule 60(b)

Proceeding/Hold Evidentiary Hearing/Appoint Counsel (D.I. 105); and (4) Motion to

Amend and Supplement Motions to Stay/Abey, Evidentiary Hearing Request, and

Appointment of Counsel Request (D.I. 106).

As an initial matter, the Court notes that it will grant Petitioner's Motion to

Supplement and/or Amend his Rule 60(b) Motion (D.I. 104) and his Motion to Amend

and Supplement Motions to Stay/Abey, Evidentiary Hearing Request, and Appointment of Counsel Request (D.I. 106). Nevertheless, for the reasons discussed, the Court will deny Petitioner's amended/supplemented Rule 60(b) Motion and his Motions to Stay. (D.I. 101; D.I. 103; D.I. 105)

## II.    BACKGROUND

The procedural background of Petitioner's convictions is fully set forth in the Court's September 2022 Opinion. (D.I. 82 at 2-10) To briefly summarize, in November 2010, a Delaware Superior Court jury convicted Petitioner of two counts each of manslaughter and possession of a firearm during the commission of a felony in the shooting deaths of Leighton Francis and Amin Guy. He was also convicted in a subsequent bench trial on an additional severed count of possession of a firearm by a person prohibited. The Superior Court sentenced Petitioner to 86 years of incarceration at Level V, suspended after 64 years for decreasing levels of supervision.

In March 2012, Petitioner filed in the Delaware Superior Court his first motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied that Rule 61 motion in October 2016 after determining that one claim lacked merit and the other three claims were procedurally barred. *See State v. Washington*, 2016 WL 6248462 (Del. Super. Ct. Oct. 21, 2016). The Delaware Supreme Court affirmed that decision in May 2017. *See Washington v. State*, 164 A.3d 56 (Table), 2017 WL 1573119 (Del. Apr. 28, 2017).

In 2017, Petitioner filed in this Court a § 2254 petition challenging his 2010 convictions. The case was stayed from August 21, 2019 through May 23, 2022 to

2

provide Petitioner with an opportunity to return to the Delaware state courts and exhaust state remedies for his "newly discovered evidence" arguments.

During the pendency of his federal habeas Petition, Petitioner filed two Rule 61 motions in the Delaware Superior Court (second and third Rule 61 motions).  The Superior Court denied Petitioner's second and third Rule 61 motions as procedurally barred because they were untimely, successive, and raised grounds not previously asserted.  *See State v. Washington,* 2024 WL 3595755, at *2 (Del. Super. Ct. July 31, 2024).  The Superior Court determined that Petitioner failed to overcome those bars because the evidence he produced was not newly discovered, failed to establish actual innocence, or both.  *See id.*  The Delaware Supreme Court affirmed both decisions. *See id.*

On September 30, 2022, this Court denied Petitioner's § 2254 Petition after determining that the 23 claims were procedurally defaulted, non-cognizable, or without merit.  (D.I. 82; D.I. 83)  In August 2023, the Court denied Petitioner's Rule 59(e) Motion to Alter or Amend Judgment.  (D.I. 93; D.I. 94)  Petitioner appealed the Court's denial of his Petition, and the Third Circuit terminated his appeal after denying his request for a certificate of appealability.  (D.I. 99)

After the 2022 denial of his federal habeas Petition, Petitioner filed his fourth and fifth Rule 61 motions in the Superior Court.  *See* 2024 WL 3595755, at *2-3.  The Superior Court denied his fourth and fifth Rule 61 motions as untimely and repetitive. *See State v. Washington*, 2023 WL 7140800, at *4 (Del. Super. Ct. Oct. 30, 2023) (fourth Rule 61 motion); *Washington*, 2024 WL 3595755, at *3-4 (fifth Rule 61 motion).

3

The Delaware Supreme Court affirmed the denial of Petitioner's fourth Rule 61 motion. *See Washington v. State*, 314 A.3d 686 (Table), 2024 WL 834777 (Del. Feb. 27, 2024).

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach ... that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120.

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine

4

if the Rule 60(b) motion constitutes a second or successive application under the

Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third

Circuit:

> in those instances in which the factual predicate of a
> petitioner's Rule 60(b) motion attacks the manner in which the
> earlier habeas judgment was procured and not the underlying
> conviction, the Rule 60(b) motion may be adjudicated on the
> merits.   However, when the Rule 60(b) motion seeks to
> collaterally attack the petitioner's underlying conviction, the
> motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In *Gonzalez v. Crosby*, 545 U.S.

524, 529 (2005), the Supreme Court provided several examples of Rule 60(b) motions

that were actually habeas claims, including a motion seeking leave to present newly

discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion

seeking relief for "any other reason" under Rule 60(b)(6). *Id.* at 531.

    Under AEDPA, a prisoner cannot file a second or successive habeas petition

without first obtaining approval from the Court of Appeals. Absent such authorization, a

district court cannot consider the merits of a subsequent petition. 28 U.S.C.

§ 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128,139-40 (3d Cir. 2002). "When a

second or successive habeas petition is erroneously filed in the district court, the district

court's only option is to dismiss the petition or transfer it to the court of appeals pursuant

to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139.

## IV.  DISCUSSION

    While not entirely clear, Petitioner's Rule 60(b) Motion for Reconsideration

appears to be related to the Delaware state courts' refusal to adjudicate the merits of his

fourth and fifth Rule 61 motions. In turn, it appears that Petitioner filed his fourth and fifth Rule 61 motions to establish the ineffective assistance of trial, appellate, and post-conviction counsel as cause to avoid the Delaware state courts' prior determinations that Petitioner procedurally defaulted his challenges to his 2010 convictions. The Court sets forth the following summary to provide some context for Petitioner's pending Motions in the instant federal habeas proceeding.

As the Superior Court explained when denying Petitioner's fifth Rule 61 motion:

> On May 25, 2023, [Petitioner] moved to compel the various lawyers who had represented him in the course of his then closed litigation to produce their files to him. The Court noted that [Petitioner] had nothing pending before the Court, and had exhausted his postconviction relief remedies in the Superior Court. Thus, the Court considered the matter an attorney/client dispute unsuited for Court intervention and denied the motion.
>
> [Petitioner] appealed that decision. On August 14, 2023, the Delaware Supreme Court entered an order dismissing his appeal because it had no jurisdiction to consider it as an interlocutory appeal.
>
> Perhaps anticipating the Supreme Court's action, and while his appeal of this Court's June 30th ruling was pending, [Petitioner] moved for certification of an interlocutory appeal on August 8th. In the motion, without elaboration, he asserted that he had met the requirements of Supreme Court Rule 42, and repeated his claim before this Court that his attorney was withholding exculpatory evidence that could show his innocence.
>
> After considering the motion, this Court found that its order denying [Petitioner's] Motion to Compel the production of his file did not warrant interlocutory review and denied the

application. On October 10, 2023, the Delaware Supreme Court dismissed his appeal of that decision.

Next, [Petitioner] filed a Motion Requesting an "Injunctive Administrative Hearing" and or Review of Criminal Case # 0909018475 A/B for Relief do [sic] to Amended Rule 16 Discovery and Inspection in the Superior Court and Violations of [Petitioner's] Constitutional Rights, which the Court treated as a fourth motion for postconviction relief. The Court viewed [Petitioner's] request as "nothing more than an attempt to invent a way to have the Court review his case outside of Rule 61." Because Rule 61 is the exclusive remedy afforded to inmates seeking to set aside a judgment of conviction, and because the motion ultimately sought to do exactly that, the Court treated it as [Petitioner's] fourth motion for postconviction relief and summarily dismissed it. That decision was affirmed on February 27, 2024. In its Order, the Supreme Court warned [Petitioner] that "if he continues to file appeals from orders dismissing untimely and repetitive claims in the Superior Court, he will be enjoined from filing future appeals without leave of the Court."

Nonetheless, [Petitioner] has now filed what amounts to his fifth untimely and repetitive postconviction relief motion. In it he raises four grounds for relief. The first is captioned Abuse of Discretion. In support of that claim, he offers the following and nothing more: "Trial Court abused its discretion overlooking Defendant [sic] due process right to fairly adjudicate claims showing his constitutional right of his 6th and 14th Amendment was violated." Grounds Two and Three allege ineffective assistance of both trial and appellate counsel. In support of Ground Two, [Petitioner] offers: "All appointed counsel's [sic] failed to investigate and exercise Defendant 'Due Diligence' by neglecting to subpoena a reliable known 'Alibi Witness' to testify Defendant is actually innocent beyond a reasonable doubt." Ground Three states: "Appellate and trial counsel violated Defendant [sic] 6th Amendment right to investigate and/or fairly adjudicate a

*Brady* violation claim demonstrating State's Attorney suppressing new reliable exculpatory evidence that could show movant [sic] actual innocence." Finally, [Petitioner's] fourth ground alleges ineffective assistance of counsel against appellate counsel only: "Appellate Counsel violated Defendant [sic] 'Due Process' of the Conflict of Interest Delaware Professional Rules of Conduct. Thus violating Defendant [sic] constitutional right of the 6th Amendment to effective appellate counsel in order to fairly adjudicate constitutional claims.

*Washington*, 2024 WL 3595755, at *2-3.

In this proceeding, Petitioner's supplemented Rule 60(b) Motion asserts that: (1) trial, appellate, and post-conviction counsel failed to give Petitioner all of his case files; (2) the files post-conviction counsel finally provided to Petitioner contain lists of witnesses Petitioner believes both trial and appellate counsel should have interviewed; (3) one of the witnesses on the list – Michael Fields – has come forward on his own and has provided an "alibi statement" saying that Petitioner was inside the residence on September 1, 2008 and could not have done the actual shooting (D.I. 104 at 3); (4) Michael Fields' alibi statement is newly discovered exculpatory evidence that demonstrates Petitioner's actual innocence (D.I. 104 at 4); (5) Michael Fields' alibi statement also demonstrates that trial and appellate counsel provided ineffective assistance by not interviewing Fields prior to Petitioner's trial (*Id.*); (6) the Delaware state courts violated Petitioner's constitutional rights by refusing to adjudicate the merits of the actual innocence argument Petitioner presented in his fourth and fifth Rule 61 motions (D.I. 103 at 5-10); (7) the "Supreme Court of the United States and the Third Circuit have issued a new constitutional rule substantive and retroactive on collateral

8

review in all criminal cases that a conviction and sentence is invalid for the crime

'Possession of a Firearm by a Person Prohibited' ["PFBPP"] if both elements were never

proven by beyond a reasonable doubt to a jury or the proper jury instructions [were not]

provided" (D.I. 106 at 2); and (8) this new retroactive rule demonstrates Petitioner was

wrongfully convicted of the crime PFBPP (D.I. 106 at 2).

Distilled to their core, arguments one through six in Petitioner's Rule 60(b) Motion

assert that he has newly discovered evidence of his actual innocence.  Petitioner asks

the Court to reopen his habeas proceeding in order to: (1) "vacate his conviction and

sentence" and immediately release him; or (2) "reset" the proceeding and appoint

counsel to help show Petitioner's newly discovered evidence of his actual innocence.

(D.I 103 at 10)  Viewed in context, the Rule 60(b) Motion appears to allege Petitioner's

actual innocence as a gateway to excuse the procedural default of the ineffective

assistance of counsel arguments in Claims Eighteen and Twenty-One of his Petition.

*See Washington v. May*, 2022 WL 4598510, at *13-14 (D. Del. Sept. 30, 2022); Fed. R.

Civ. P. 60(b)(6); *Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 532 n. 4 (2005)

(recognizing that Rule 60(b)(6) motions challenging procedural default are not barred as

second or successive petitions under 28 U.S.C. § 2244(b)).  Claim Eighteen asserted

that defense counsel was ineffective for failing to investigate beyond the trial record and

subpoena potential witnesses.  Claim Twenty-One consisted of three subparts: (a) the

State committed a *Brady* violation because State witness Isaiah Fields was the

beneficiary of an undisclosed tacit sentence reduction agreement, the nondisclosure of

which Petitioner claimed violated his Sixth and Fourteenth Amendment rights;

9

(b) defense counsel was ineffective for failing to protect and/or raise the alleged *Brady* violation concerning Fields on direct appeal; and (c) post-conviction counsel was ineffective for failing to raise the *Brady* violation in Petitioner's first Rule 61 motion. *See Washington*, 2022 WL 4598510, at *7.  Petitioner alleged that Isaiah Fields' tacit agreement demonstrated his actual innocence, and argued that the Court should therefore excuse the procedural default of all thirteen of his ineffective assistance of counsel claims in order to prevent a miscarriage of justice. *See id.* at *20. The Court rejected Petitioner's argument for two reasons: (1) Petitioner failed to demonstrate the existence of a substantial assistance agreement; and (2) even if such an agreement existed, Petitioner could not "show that no reasonable juror would have voted to find him guilty beyond a reasonable doubt if the existence of such an agreement had been disclosed.  At most, Petitioner's proffered evidence of an undisclosed tacit agreement with the State would have constituted impeachment evidence that does not create a strong inference of Petitioner's actual innocence." *Id.* at *24.

Turning back to Petitioner's Rule 60(b) Motion, although a credible claim of actual innocence can excuse procedural default, a petitioner asserting actual innocence has a "heavy burden" to hurdle "a supremely high bar" by demonstrating "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Glover v. Sup't Fayette SCI*, 2023 WL 5220922, at *2 (3d Cir. Aug. 15, 2023).  Petitioner's Rule 60(b) Motion does not satisfy this high burden.  Petitioner's main evidence of actual innocence is a sworn "alibi statement" by Michael Fields that Petitioner was inside the residence on the day of the shooting.  (D.I. 103-1 at 31)  In his

10

alibi statement, Michael Fields asserts that his cousin – Isaiah Fields – admitted he lied when testifying at trial about Petitioner's participation in the shooting so that he (Isaiah) could be released from prison early. (*Id.*) Isaiah Fields' putative statement constitutes hearsay and falls well short of the reliability required for an actual innocence claim. *See Glover*, 2023 WL 5220922, at *2 (explaining "actual innocence is a supremely high bar that cannot be cleared by the second-hand retelling of a jailhouse confession.") (cleaned up). Even if the Court presumes the reliability of the portion of Michael Fields' alibi statement which asserts that Petitioner was inside the residence on the day of the shooting, that portion of Michael Fields' alibi statement does not exonerate Petitioner or overcome the other evidence of Petitioner's guilt that was presented during his trial. In turn, the portion of Michael Fields' statement that asserts Isaiah lied "in order to be released from prison early" also does not demonstrate Petitioner's actual innocence because it still, at most, constitutes impeachment evidence. In sum, Petitioner's "actual innocence" argument does not warrant reconsideration of the Court's denial of Claims Eighteen and Twenty-One (b).

In arguments seven and eight of his Rule 60(b) Motion, Petitioner contends that his conviction for PFBPP should be vacated under the "recently referenced new rule of constitutional law" articulated in *Rehaif v. United States*, 588 U.S. 255 (2019), which the Third Circuit has held is retroactively applicable on federal habeas review involving initial § 2255 motions. *See United States v. Hill*, 98 F.4th 474 (3d Cir. 2024). In *Rehaif*, the Supreme Court held that a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2) requires proving that the defendant was not only aware he possessed a firearm but also

11

knew his status made owning a firearm illegal.  *See Rehaif*, 588 U.S. at 237.  Petitioner

appears to argue that, pursuant to the reasoning in *Rehaif*, his conviction for PFBPP is

invalid because the State did not prove beyond a reasonable doubt that: (1) he knew he

possessed a firearm; and (2) "knew he was a category of a person barred from

possessing a firearm."  (D.I. 106 at 2)

Even if the Court were to assume that the reasoning in *Rehaif* applies in cases

involving convictions under state statutes and not just convictions under 18 U.S.C.

§ 922, Petitioner's argument is unavailing.  Petitioner did not challenge his PFBPP

conviction in his first Petition, and he does not present the instant *Rehaif* argument as a

way to excuse a prior finding of procedural default.  Instead, Petitioner asserts that the

change in law caused by *Rehaif* constitutes an extraordinary circumstance justifying a

reversal or vacation of his PFBPP conviction.  Consequently, to the extent Petitioner

challenges his PFBPP conviction in arguments seven and eight, those arguments

constitute a second or successive habeas request.

The "only new law on which a successive petition may rely is a new rule of

constitutional law, made retroactive to cases on collateral review by the *Supreme Court*,

that was previously unavailable."  *Gonzalez*, 545 U.S. at 531-32 (emphasis added).

The Supreme Court has explicitly held that "*Rehaif*'s statutory holding satisfie[s] neither

of § 2255(h)'s gateway conditions for second or successive § 2255 motions."  *Jones v.*

*Hendrix*, 599 U.S. 465, 470 (2023).[1]  Therefore, the Court will deny arguments seven

---

[1] The Court notes that the Third Circuit's recent decision in *Hill* only applies to initial
§ 2255 motions, not to second or successive § 2255 motions.  *See Hill*, 98 F.4th at 482

and eight—which allege *Rehaif* renders his PFBPP conviction invalid—for lack of jurisdiction because they constitute an unauthorized second or successive habeas request.

## V.    PENDING MOTIONS

The two Motions not yet discussed are: (1) Petitioner's Motion to Stay the Rule 60(b) Motion while he files in the Delaware Supreme Court a motion for reargument *en banc* (D.I. 101); and (2) Petitioner's combined Motion to Stay Rule 60(b) Proceeding/Hold Evidentiary Hearing/Appoint Counsel.  (D.I. 105)  In his combined Motion, Petitioner asks the Court to: (1) stay his Rule 60(b) Motion so that can present his *Rehaif* argument concerning his PFBPP conviction to the Delaware state courts (D.I. 105 at 3-5); (2) conduct an evidentiary hearing on his *Rehaif* argument (*Id.* at 5); and (3) appoint counsel to "fairly adjudicate" the *Rehaif* issue (*Id.*).  Having concluded that the instant Rule 60(b) Motion does not warrant reconsideration of the Court's denial of Petitioner's Petition, the Court will deny the aforementioned two Motions as moot.

## VI.    CONCLUSION

For the reasons set forth above, the Court will grant Petitioner's Motions to Amend/Supplement his other Motions (D.I. 104; D.I. 106); deny the amended/supplemented Rule 60(b) Motion (D.I. 103); and dismiss as moot Petitioner's Motion to Stay (D.I. 101) and his combined Motion to Stay Rule 60(b) Proceeding/Hold Evidentiary Hearing/Appoint Counsel (D.I. 105).  The Court also declines to issue a

---

("We have established that Hill's § 2255 motion at issue here is not second or successive and thus need not meet the requirements of § 2255(h).").

certificate of appealability, because Petitioner has failed to make a "substantial showing

of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see United States v.*

*Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

    The Court will issue an Order consistent with this Memorandum.


_12·16·24_
Date

Colm F. Connolly
Chief Judge

14