IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL T. WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-601-CFC |
| | ) | |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Michael T. Washington's "Notice and Motion to Reopen Washington's Petition for Writ of Habeas Corpus" brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] (D.I. 123)

Rule 60(b) provides:

> **b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

1 Petitioner previously filed a Rule 59(e) motion to alter or amend judgment (D.I. 85) and an earlier Rule 60(b) motion (D.I. 103), both of which the Court denied. (D.I. 93; D.I. 94; D.I. 107; D.I. 108)

> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion brought under Rule 60(b) must be brought within "a reasonable time," and, for sections (1), (2) and (3), must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Petitioner's Motion to Reopen is untimely. On September 30, 2022, the Court dismissed Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 82; D.I. 83) Petitioner filed his Motion to Reopen on April 16, 2026, more than three and half years after the Court's Order dismissing the petition and closing the case. Therefore, it is outside the one-year limitations period required to apply sections (1), (2) or (3). Additionally, to the extent sections (4), (5) or (6) apply, the Court concludes that over three and half years is not within a reasonable time, especially since Petitioner has given no reason for the delay.

Even if the Motion to Reopen were timely, Petitioner has not demonstrated a sufficient reason to warrant reopening the case. In his Motion to Reopen, Petitioner alleges that the Delaware Department of Justice and Delaware state courts failed to

comply with this Court's "Stay-and-Remand Order." (D.I. 123 at 1) The Order Petitioner is referencing is the Court's August 20, 2019 Order ("2019 Order") granting his request to stay his federal habeas proceedings "so that he can return to the Delaware state courts and exhaust state remedies for his 'newly discovered evidence' claims." (D.I. 64) The essence of Petitioner's argument is that in finding his claims "procedurally barred, successive, or repetitive" the Delaware state courts failed to "conduct any meaningful judicial review" as he claims was required by this Court's 2019 Order. (D.I. 123 at 2-6) The 2019 Order, however, did not "remand" any case to the Delaware state courts or direct them in any manner. The 2019 Order merely stayed Petitioner's pending federal habeas action to give him an opportunity to exhaust his claims in state court. Therefore, Petitioner's claim that the Delaware Department of Justice and Delaware state courts failed to comply with this Court's 2019 Order is without merit.

Furthermore, Petitioner's allegation that the Delaware state courts "refused to review or address the newly discovered evidence" claim is incorrect. (D.I. 123 at 4) As evidenced by Exhibit F attached to Petitioner's own Motion to Reopen, the Delaware Superior Court considered his claims and determined that the evidence presented was not newly discovered, failed to establish actual innocence, or both. *See* D.I. 123-1 at 98-112; *State v. Washington*, ID No. 0909018475 A/B, 2021 WL 5232259, at *5-9 (Del. Super. Ct. Nov. 9, 2021). The Delaware Supreme

Court affirmed that judgment. *See Washington v. State*, No. 367, 2021, 2022 WL 1041267 (Del. Apr. 7, 2022). Petitioner's argument amounts to nothing more than dissatisfaction with the decisions reached by those courts, which is also not a basis to reopen the instant habeas action.

NOW THEREFORE, at Wilmington on this Twenty-second Day of October in 2026, it is HEREBY ORDERED that:

1. Petitioner Michael T. Washington's "Notice and Motion to Reopen Washington's Petition for Writ of Habeas Corpus" (D.I. 123) is DENIED.

2. To the extent such a determination is required, the Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

3. The case shall remain closed.

Colm F. Connolly
Chief Judge